UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE:<br>DALLAS ROADSTER, LIMITED,<br>75-2826111<br>825 Avenue K<br>Plano, TX 75074<br><br>        **Debtor** | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.: 11-43725<br>Pending in the United States Bankruptcy<br>Court for the Eastern District of Texas,<br>Sherman Division |
| TEXAS CAPITAL BANK, N.A,<br><br>  **Plaintiff,**<br><br>vs.<br><br>DALLAS ROADSTER, LTD.,<br>IEDA ENTERPRISE, INC.,<br>BAHMAN KHOBAHY and<br>BAHMAN HAFEZAMINI,<br><br>  **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADV NO. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Plaintiff Texas Capital Bank ("TCB"), hereby files this Notice of Removal ("Removal") to the United States Bankruptcy Court for the Northern District of Texas – Dallas Division pursuant to 28 U.S.C. §§ 1334, 1441, 1446 and 1452 and Federal Bankruptcy Rule 9027, and in support thereof would respectfully show as follows:

### I.
### Background

1.  The removed lawsuit is an action by Texas Capital Bank, N.A. ("TCB") against Dallas Roadster, Ltd. ("Dallas Roadster"), IEDA Enterprise, Inc. ("IEDA"), Bahman Khobahy ("Khobahy") and Bahman Hafezamini ("Hafezamini") seeking damages, pre- and post-judgment interest, attorney fees, costs and such other and further relief to which it may show itself entitled

related to indebtedness owed under a $4 million promissory note, a loan and security agreement, a deed of trust, and guaranty agreements ("the "Agreements"). TCB further sought the appointment of a receiver.

2. On or about November 16, 2011, TCB filed its Plaintiff's Original Petition and Emergency Application for Appointment of a Receiver and initiated that certain lawsuit styled *Texas Capital Bank, N.A. vs. Dallas Roadster, Ltd., IEDA Enterprise, Inc., Bahman Khobahy and Bahman Hafezamini*, Cause No. 11-14521, which is pending in the 192nd Judicial District Court of Dallas County, Texas (the "Dallas County Lawsuit"). In the Dallas County Lawsuit, TCB has set forth a cause of action for breach of contract based on the Defendants failure to comply with the terms and conditions of the Agreements and to pay the amounts due thereunder.

3. Dallas Roadster executed the promissory note and the loan and security agreement on May 10, 2008, and the deed of trust on January 27, 2008. IEDA, Khobahy and Hafezamini each executed an unlimited guaranty on May 10, 2008. Pursuant to such agreements, TCB loaned money to Dallas Roadster and IEDA, Khobahy and Hafezamini unconditionally guaranteed repayment of all amounts.

4. On or about December 12, 2011, Dallas Roadster filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code ("Bankruptcy Code"), initiating Case No. 11-43725, which is currently pending in the United States Bankruptcy Court for the Eastern District of Texas – Sherman Division (the "Dallas Roadster Bankruptcy Case").

5. On or about December 12, 2011, IEDA Enterprise, Inc. filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code ("Bankruptcy Code"), initiating Case No. 11-43726, which is currently pending in the United States Bankruptcy Court for the Eastern District of Texas – Sherman Division (the "IEDA Bankruptcy

Case" and together with the Dallas Roadster Bankruptcy Case the "Bankruptcy Cases"). The Bankruptcy Cases are being jointly administered in the Dallas Roadster Bankruptcy Case.

6. TCB is a secured creditor of Dallas Roadster and IEDA with a lien covering substantially all of the assets of the estates. TCB's debt is also listed on Schedule D as filed by Dallas Roadster and IEDA in the Bankruptcy Cases.

7. In the Dallas Roadster Bankruptcy Case, Dallas Roadster has alleged in pleadings filed with the Bankruptcy Court that it believes it holds claims against TCB related to its actions in seeking collection of the indebtedness due from the Defendants. Dallas Roadster has stated its intention to the Bankruptcy Court to object to the claim of TCB.

## II.
## Removed Causes of Action and Removal Procedure

8. Through this Removal, TCB seeks to remove the Dallas County Lawsuit to the United States Bankruptcy Court for the Northern District of Texas – Dallas Division contemporaneously with the filing of this Notice of Removal. TCB will file a motion to transfer venue to transfer the case to the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division so that it may be adjudicated in connection with the Dallas Roadster Bankruptcy.

9. This Removal has been timely filed in accordance with 28 U.S.C. 28 § 157, U.S.C. § 1452 and Bankruptcy Rule 9027(a)(2) because it is filed within thirty days after the entry of an order terminating the automatic stay to allow removal.

## III.
## Parties

10. The following are the parties and their legal counsel, other than the Debtors, Dallas Roadster and IEDA, to the Dallas County Lawsuit:

Bahman Khobahy, Defendant
Mark A. Walsh
Gay, McCall, Isaacks, Gordon & Roberts
777 East 15th Street
Plano, TX 75074
972-424-8501

Bahman Kafezamini, Defendant
Jason A. Zendeh Del
Zendeh Del Law Firm, PLLC
7600 San Jacinto Place, Suite 200
Plano, TX 75024
214-919-3600

## IV.
### Bankruptcy Jurisdiction; Core/Non-Core Analysis[1]

11. Removal is proper pursuant to this Court's jurisdiction, as authorized by 28 U.S.C. § 1334 and, as necessary, the doctrines of pendent, ancillary and supplemental jurisdiction, whether under 28 U.S.C. § 1367 or other applicable law. Claims or causes of action subject to such jurisdiction are removable under 28 U.S.C. § 1452(a), which states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this title.

12. The Dallas County Lawsuit is a civil action and is neither a proceeding before the United States Tax Court nor a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

13. A district court's jurisdiction, and by reference, this Court's jurisdiction, is governed, in part, by 28 U.S.C. § 1334. In relevant part, § 1334 states that this Court has original

---

[1] Bankruptcy Rule 9027 requires the removing party to provide a "short and plain statement of the facts which entitle the party filing the notice to remove." TCB has provided such a statement herein but expressly reserves the right to plead additional and further facts giving rise to this Court's jurisdiction over the Dallas County Lawsuit.

but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. "Related to" jurisdiction is broadly defined and has been found to exist if an action could conceivably have any effect on the estate being administered in bankruptcy, or if the outcome could alter the debtor's rights, liabilities, options, or freedom of action, or in any way impact on the handling or administration of the bankruptcy estate.[2]

14. The adjudication of the claims in the Dallas County Lawsuit will significantly impact the distribution to creditors in the Bankruptcy Cases because TCB is the largest creditor of the estates. Accordingly, the Dallas County Lawsuit is, at a minimum, a "related to" proceeding, and this Court has jurisdiction over the removed claims pursuant to 28 U.S.C. § 1334(b).

15. The claims being removed are also properly characterized as "core proceedings" defined in 28 U.S.C. § 157(b). The removed claims involve, among other things, the administration of the estate, the allowance or disallowance of claims against the estate, and proceedings affecting the liquidation of the assets of the estate and the adjustment of the debtor – creditor relationship.

## V.
## Consent to Entry of Final Order

16. TCB hereby consents to entry of a final order or judgment by this Court.

## VI.
## Notice

17. Pursuant to Bankruptcy Rule 9027(b) and 28 U.S.C. § 1446, all parties to the Dallas County Lawsuit as well as bankruptcy counsel for Dallas Roadster, Ltd. and IEDA Enterprise, Inc. are being served with this Notice of Removal. Additionally, a copy of this

---

[2] *See Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch v. S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir. 1987) (quoting *Pacer, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1985)); *see also In re Bissonnet Investments LLC*, 320 F.3d 520, 525 (5th Cir. 2003).

Notice of Removal is being filed with the clerk of the court in which the Dallas County Lawsuit is pending.

## VII.
## Process and Pleadings

18. Pursuant to Local Rule 9027-1(c), attached hereto as an Appendix to this Notice of Removal are copies of all pleadings and filings in the Dallas County Lawsuit along with a copy of the docket sheet, an index of the pleadings, a listing of all interested parties, a designation on which parties service of process has been accomplished, and a listing of the counsel for each party.

## VIII.
## Reservation

19. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved.

20. TCB reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove these claims.

WHEREFORE, TCB hereby removes the Dallas County Lawsuit to this Court and requests that the suit be placed on this Court's docket for further proceedings.

Dated: December 21, 2012

                                        Respectfully submitted,

By: */s/ Kenneth Stohner, Jr.*
     Kenneth Stohner
     State Bar No. 19263700
     Heather M. Forrest
     Texas Bar No. 24040918
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 661-5822 – Fax

**ATTORNEYS FOR TEXAS CAPITAL BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of December, 2012, a true and correct copy of the foregoing *Notice of Removal* was served electronically or by United States First Class Mail, postage prepaid upon the parties listed below and those parties receiving notice pursuant to the Court's ECF notification system.

J. Bennett White
J. Bennett White, P.C.
1011 Pruitt Place
P.O. Box 6250
Tyler, TX 75711

Jennifer L. Owen
Higier Allen & Lautin, P.C.
5057 Keller Springs Road, Suite 600
Addison, TX 75001

John E. Collins
Burleson, Pate & Gibson
900 Jackson Street, Suite 330
Dallas, TX 75202
Attorney for Receiver

Jason A. Zendeh Del
Zendeh Del Law Firm, PLLC
7600 San Jacinto Place, Suite 200
Plano, TX 75024
Attorney for Bahman Hafezamini

Mark A. Walsh
Gay, McCall, Isaacks, Gordon & Roberts
777 East 15th Street
Plano, TX 75074
Attorney for Bahman Khobahy

/s/ *Kenneth Stohner, Jr.*
Kenneth Stohner, Jr.

8842418v.1